Henry G. Lewia and Katherine Lewia v. Commissioner.
Lewia v. Commissioner
Docket No. 5543-70 "SC".
United States Tax Court
T.C. Memo 1972-168; 1972 Tax Ct. Memo LEXIS 91; 31 T.C.M. (CCH) 831; T.C.M. (RIA) 72168; August 7, 1972
Katherine Lewia, pro se, 147 Ave. Atlantico, Radioville, Arecibo, Puerto Rico. Rdbert W. Goodman, for the respondent. SCOTT Memorandum Opinion SCOTT, Judge: Respondent determined a deficiency in petitioners' income tax for the calendar year 1967 in the amount of $986.74. The only issue for decision is whether Henry G. Lewia, hereinafter referred to as petitioner, is entitled to deduct all or any part of the amount of $4,289 claimed by him as business expenses. All of the facts have been *92 stipulated and are found accordingly. Henry G. Lewia and Katherine Lewia, husband and wife, resided at Arecibo, Puerto Rico at the time they filed their petition in this case. [1] They filed their joint Federal income tax return for the calendar year 1967 with the district director of internal revenue, Burlington, Vermont. Petitioner is a shoe factory specialist or consultant. From 1945 until the time of the trial of this case, petitioner has been engaged in the shoe manufacturing business either as an employee, an owner of a business, or an independent contractor or consultant. He has been employed as an independent contractor by various shoe manufacturers to solve problems involved in the manufacture of shoes, especially those problems relating to production and quality control. On June 1, 1965, petitioner began work at Cormier Knitting Mills (hereinafter referred to as Cormier) located in Franklin, *93 New Hampshire. Petitioner was hired by Cormier to set up a department manufacturing bedroom slippers. Petitioner had no written contract or agreement with Cormier but had an understanding that he would work at Cormier until the bedroom slipper manufacturing department was going properly. Petitioner could resign his position on short notice or could be fired on equally short notice. Petitioner was paid by Cormier on an annual salary basis with a proportionate payment being made to him every 2 weeks. Cormier withheld income taxes and FICA taxes from the payments to petitioner. Prior to June 1, 1965, petitioner purchased a house in Johnson, Vermont, a small town 40 miles north of Montpelier, the State capital and about 140 miles from Franklin, New Hampshire. Johnson, Vermont has no shoe factories and had none at the time petitioner purchased his house. Petitioner made an unsuccessful attempt to establish a shoe factory in Johnson, Vermont. Petitioner has never been employed in the immediate vicinity of Johnson, Vermont. Petitioner worked for Cormier Knitting Mills from June 1, 1965 until July 1, 1968. During this period he worked on several different projects for Cormier. During *94 this entire 37-month period, petitioner's wife maintained a household in Johnson, Vermont, and petitioner lived in a hotel in Franklin, New Hampshire. Petitioner spent most of the weekends during the year in issue with his wife in Johnson, Vermont. He drove from Franklin, New Hampshire to Johnson, Vermont each weekend except those during which the weather conditions caused driving to be hazardous. Petitioner was also required in his work to drive on certain days from Cormier's plant to its main office and back to the plant. Petitioner drove on an average about 20 miles a week between Cormier's plant and its main office. Petitioner, during 1967, purchased special knives and handtools and large quantities of masking tape which he used in his work in making patterns for Cormier. Petitioners deducted from their gross income for the calendar years 1965 and 1966 amounts representing certain expenses petitioner incurred while living in Franklin, New Hampshire and working for Cormier. These returns were audited by respondent's agents in Burlington, Vermont, and these deductions were allowed as traveling expenses incurred while away from home under section 162(a)(2), I.R.C. 1954. [2]
*95 Petitioner deducted from his gross income for the taxable year 1967 the amount of $4,289, claiming this amount represents the following expenses incurred in his trade or business: 833 Traveling expenses
Meals and lodging
$2,340.00
Automobile expenses 1,542.00 $3,882
Outside salesman expenses
Laundry
$ 213.65
Tools and supplies 142.43
* 356
Local transportation expenses
New York Shoe Show $ 50.86
* 51
* $4,289
Respondent disallowed the entire $4,289 claimed by petitioner as business expenses for the year 1967 with the explanation that the amount was claimed "Travel expenses" with respect to which petitioner "did not furnish information needed to support the claimed deduction." Respondent contends that petitioner's "tax home" was Franklin, New Hampshire, during the year 1967 and that accordingly, petitioner was not away from home and therefore not entitled to deduct the cost of meals and lodging in Franklin. We have consistently held that "home" as used in section 162(a)(2) means the taxpayer's principal *96 place of employment. [3] However, we have recognized an exception to this rule holding that the taxpayer's principal place of work is not his "home" for purposes of section 162(a)(2) when his employment there is only "temporary" as distinguished from "indefinite" or "indeterminate." Emil J. Michaels, 53 T.C. 269 (1969). Petitioner takes the position that his work in Franklin, New Hampshire during the year in issue was "temporary." He states that although he worked in Franklin for over 3 years, his employment there consisted of a series of jobs with Cormier, none of which lasted more than 6 months. He also states that since he was an "independent contractor" he was able to terminate his employment with Cormier at any time and accordingly his employment was, by definition, temporary. In our view, the facts in this case do not support petitioner's contention that his work at Cormier was as an independent contractor instead of *97 an employee. However, even if we accepted petitioner's position that his work at Cormier was that of an independent contractor, it would not follow that his work there was "temporary" as distinguished from "indefinite" or "indeterminate." I. Jay Green, 35 T.C. 764 (1961). Neither does the fact that petitioner worked on several different projects for Cormier establish that his work for that company was temporary as distinguished from "indefinite" or "indeterminate." I. Jay Green, supra. Petitioner's primary argument is that since respondent did not disallow his claimed deduction for travel expenses while away from home for the years 1965 and 1966, he should not have disallowed his claimed deduction for travel expenses for 1967. We are not called upon to decide whether petitioner's employment during 1965 and 1966 in Franklin, New Hampshire was temporary. Petitioner has not shown that at any time during the year 1967 his employment was "temporary" as distinguished from "indefinite" or "indeterminate." The fact that an agent of respondent's in Burlington, Vermont did not disallow similar expenses claimed by petitioner as deductions for preceding taxable years *98 has no bearing upon the issue before us. We must determine the question for the year before us on the facts presented in this case with respect to the year in issue. We hold that the expenses claimed by petitioner for meals and lodging were not incurred by petitioner while away from home and are not deductible. During 1957 petitioner drove his automobile 15,600 miles. This mileage included numerous weekend trips from Franklin, New Hampshire to Johnson, Vermont and return and also about 20 miles per week driving from Franklin, New Hampshire to Laconia, New Hampshire, the two major locations of Cormier activities. Using the cost per mile method allowed by respondent's rulings to compute automobile business expenses, petitioner claimed the amount of $1,542 as automobile business expenses incurred while away from home on business. Since in our view petitioner's principal place of employment was in Franklin, New Hampshire during all of 1967 and petitioner's employment was not temporary, the round trips between Franklin, New Hampshire and Johnson, Vermont were not business expenses but were personal expenses which are not deductible. Section 262. In fact these trips would have been *99 834 personal expenses even if petitioner's employment at Cormier had been "temporary" since so far as this record shows there was no business reason but only personal reasons for petitioner's making these trips. The evidence shows, however, that petitioner's trips between Cormier's factory and its office were for business purposes. Accordingly, petitioner is entitled to deduct as an automobile expense those costs he incurred while driving approximately 20 miles per week for business purposes. On the basis of the record, we hold that petitioner is entitled to deduct $100 as a business expense for transportation in 1967. Petitioner claimed as a business expense the amount of $213.65 for laundry expenses incurred while living in Franklin, New Hampshire. Since we have concluded that petitioner was not "away from home" within the meaning of section 162(a)(2) when he was living in Franklin, New Hampshire in 1967, we hold that petitioner's laundry expenses are not business expenses but are personal expenses and are not deductible. Petitioner claimed as a business expense for the year in issue the amount of $142.43 for tools and supplies. The record shows that he purchased special *100 knives and handtools and large quantities of masking tape for patterns. Such expenditures are deductible if adequately substantiated. While the record is very meager as to how petitioner arrived at a cost of these items of $142.43, is does show that the amount was computed from records which petitioner kept and had available when he prepared his return. Although the evidence is meager, we conclude from the record as a whole that petitioner has shown that the $142.43 was a reasonable cost for tools and supplies used by him in his trade or business in 1967. We therefore hold that petitioner is entitled to the claimed deduction of $142.43. Petitioner claimed as a business expense the amount of $50.86 for the New York Shoe Show. No evidence explaining or substantiating this claimed expense was submitted and accordingly we hold that petitioner is not entitled to this claimed deduction for failure of proof. Decision will be entered under Rule 50. Footnotes
1. There is nothing in this record to show whether Puerto Rico was petitioners' "legal residence." There is some intimation in some of the stipulated documents that either Vermont or Florida was petitioners' legal residence, but the record does not show this to be the fact.↩
2. All references are to the Internal Revenue Code of 1954.↩
*. These amounts were rounded off on the form 2106 "Statement of Employee Business Expenses" attached to petitioners' return.↩
3. As pointed out by the Supreme Court in Commissioner v. Stidger, 386 U.S. 287, 291↩ (1967), the United States Courts of Appeals for the Ninth, the Fifth, and the Sixth Circuits have "not always agreed with this interpretation."